■ In the Matter of EDNA GREENBERG et al., Copartners Doing Business under the Name of 15 CROWN REALTY Co., Respondents, v. ROBERT E. HERMAN, as State Rent Administrator, Appellant, and TENANTS OF PREMISES 15 CROWN STREET, BROOKLYN, Intervenors-Appellants.— In a proceeding under article 78 of the Civil Practice Act, to review and annul a determination of the State Rent Administrator denying the petitioners' application for a rent increase pursuant to the State Rent and Eviction Regulations (§ 33, subd. 5), the Administrator and the intervenors (tenants), by permission of the court, appeal from an intermediate order of the Supreme Court, Kings County, dated February 6, 1961, remitting the proceeding to the State Rent Commission for the purpose of "taking testimony as to whether or not the sale of the subject property was consummated on normal financing terms or otherwise and whether such sale was affected by any special circumstances, and for the purpose of determining the value of the petitioners' property in a manner not inconsistent with the opinion of the court." Order reversed on the law and the facts, with costs payable to the State Rent Administrator, and proceeding dismissed. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. Section 4 (subd. 4, par. [a], cl. [1]) of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd. by L. 1957, ch. 755) and subdivision 5 of section 33 of the State Rent and Eviction Regulations, require the Administrator to accept the sale price in a rent adjustment proceeding "where there has been a bona fide sale of the property within the period between March fifteenth, nineteen hundred fifty-three, and the time of filing of the application, as the result of a transaction at arms' length, on normal financing terms at a readily ascertainable price and unaffected by special circumstances such as a forced sale, exchange of property, package deal, wash sale or sale to cooperative". The basic issues presented on this appeal are whether the Administrator should have accepted the purchase price of petitioners' property as a rent base within the meaning of the statute, and whether he should have received and considered expert testimony. In our opinion, the record supports the Administrator's determination: (1) that the purchase of the subject property by Hermar Realty Corp., the petitioners' predecessor in title, was not made pursuant to normal financing terms; (2) that such corporation acquired title because of its expectation that it could obtain a rent increase based on the purchase price of $390,000 — an expectation which was not realized; (3) that petitioners' purchase price of $389,000 did not reflect the actual value of the property; (4) that petitioners purchased the property through their agent and broker as a speculation, gambling upon obtaining a substantial increase in the rent roll on the basis of their purchase price as a valuation base; and (5) that, at the time of the purchase, the petitioners' broker and agent was aware that, except through the device of obtaining substantial rent increases based upon the $389,000 purchase price, the property would not earn a sufficient return on the $36,000 cash investment. We may even assume that the sale to the petitioners subject to the mortgages then on record, in and of itself, without consideration of the previous sales, was a sale on normal financing terms (see, e.g., *Matter of Bajart Management* v. *Weaver,* 8 A D 2d 56, 58; *Matter of Crisa* v. *Weaver,* 9 A D 2d 917); and that the mere fact that the petitioners purchased the property in anticipation of obtaining an adjustment in the maximum rents on the base of their purchase price would be insufficient to deny their application (*Matter of Kapp* v. *Herman,* 27 Misc 2d 742, affd. 12 A D 2d 751). Nevertheless, in our opinion, the fact that Hermar

Realty Corporation's purchase was not on normal financing terms justified the State Rent Administrator's refusal to adopt the petitioners' purchase price as a base for valuation. The Emergency Housing Rent Control Law was designed (§ 1; L. 1946, ch. 274 as amd.) to "prevent speculative, unwarranted and abnormal increases in rent; * * * to forestall profiteering, speculation and other disruptive practices tending to produce threats to the public health; * * * [and] to prevent uncertainty, hardship and dislocation". To require the State Rent Administrator to fix a rent base on the purchase price of speculators who purchased the subject premises at approximately the same price as their predecessor in title, with knowledge that their predecessor had not purchased the premises on normal financing terms and whose request for a valuation on the rent base of its purchase price had been denied, would be contrary to the fundamental principles of the Emergency Housing Rent Control Law. A hearing was accorded the petitioners at which stenographic minutes were taken and objective criteria were presented. In our opinion, under the circumstances, the Administrator acted within his discretion in sustaining the refusal of the hearing officer to accept expert testimony as to normal financing terms and valuation (see, e.g., *Matter of Realty Agency* v. *Weaver,* 7 N Y 2d 249; cf. *Matter of Kaufmann* v. *Abrams,* 141 N. Y. S. 2d 716, 719, affd. 286 App. Div. 998). Ughetta, Kleinfeld and Brennan, JJ., concur; Nolan, P. J., and Beldock, J., dissent and vote to affirm.